ORIGINAL

FILED

2008 JUL 30 PM 2:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

'08 CV 1380 DMS BLM

1  PAULA D. PEARLMAN (State Bar No. 109038)
   Paula.pearlman@lls.edu
2  SHAWNA L. PARKS (State Bar No. 208301)
   Shawna.parks@lls.edu
3  DEBRA J. PATKIN (State Bar No. 252197)
   Debra.patkin@lls.edu
4  DISABILITY RIGHTS LEGAL CENTER
   919 Albany Street
5  Los Angeles, California 90015
   Tel: (213) 736-1031
6  Fax: (213) 736-1428

7  Attorneys for Plaintiff

8

9

10          UNITED STATES DISTRICT COURT          VIA FAX

11      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  ROLAND WINTERS, JR., an          CASE NO.
    individual,
14
                                     COMPLAINT FOR DECLARATORY
15                  Plaintiff,        AND INJUNCTIVE RELIEF AND
                                     DAMAGES FOR VIOLATIONS OF:
        v.
16
    CARNIVAL CORPORATION & PLC    1.  Title III of the Americans with
17  d/b/a CARNIVAL CRUISE LINES, a      Disabilities Act (42 U.S.C. §§ 12181
    business entity, and DOES 1-10,     et seq.);
18                                2.  Unruh Civil Rights Act (California
                    Defendants.       Civil Code § 51 et seq.);
19                                3.  Blind and Other Physically Disabled
                                      Persons Act (California Civil Code §
20                                    54 et seq.);
                                  4.  Business and Professions Code §
21                                    17200;
                                  5.  Intentional Infliction of Emotional
22                                    Distress;
                                  6.  Negligence per se;
23                                7.  False Imprisonment; and
                                  8.  Declaratory Relief.
24
25                                DEMAND FOR JURY TRIAL
26
27
28

**INTRODUCTION**

1.    Carnival Corporation & PLC, which does business as Carnival Cruise Lines ("Carnival" or "Defendant"), boasts the slogan, "The Fun Ships." However, a trip on one of their ships was not fun for Plaintiff Roland Winters, Jr., who uses a wheelchair. Instead, his experience with Carnival included discrimination and misrepresentation.

2.    Mr. Winters is a leader of the "Handicapped Travel Club" who enjoys traveling by sea with his family and friends. However, the treatment that he and his companions received from Carnival turned what should have been an enjoyable experience into one of discrimination and frustration. More specifically, Carnival failed to provide Mr. Winters accurate information about the accessibility of its ports of call for people with disabilities. This led Mr. Winters to go on the cruise thinking that he could visit the major ports of call, only to find out once on board the ship that half of the ports were inaccessible to him.

3.    Part of the appeal of a cruise such as those offered by Carnival is the opportunity to visit exciting destinations while having the convenience and fun of a floating hotel. With this in mind, Mr. Winters and members of his travel club purchased tickets for Carnival's *Elation* which included Cabo San Lucas, Mexico as one of two major ports of call for the cruise.

4.    After purchasing his tickets, Mr. Winters received Carnival's written policy for passengers with disabilities which indicated a possibility that Mr. Winters and those similarly situated may not board a small boat, or tender, at certain ports of call. However, the information did not provide him with a clear answer about whether he would be able to disembark at Cabo San Lucas.

5.    Concerned about this issue, Mr. Winters acted prudently by repeatedly contacting Carnival – both by phone and in writing – to inquire about their policy in an attempt to determine whether he would, in fact, be able to disembark at Cabo San Lucas. Mr. Winters was repeatedly referred to the equivocal policy by

1   Carnival representatives. In addition, however, he was given oral assurance that he
2   would be allowed to disembark barring certain poor weather conditions, and
3   provided with information that suggested that at least one shore excursion at Cabo
4   San Lucas was accessible to people with disabilities.

5          6.      Despite the assurances and information Mr. Winters had received before
6   his cruise, namely that he and his fellow travelers would be able to disembark
7   absent bad weather, Mr. Winters received a different story once he was aboard the
8   ship. After leaving on the *Elation* from San Diego, Mr. Winters was told by the
9   ship's crew that the port of call of Cabo San Lucas was off limits to people with
10  mobility disabilities because the disembarkation method was inaccessible.  The
11  crew explained that unless a person can navigate the stairs the tendering process
12  used at Cabo San Lucas is off limits.

13         7.      As a result, Mr. Winters and other members of his travel club were
14  forced to stay aboard the ship while most of the rest of passengers disembarked to
15  enjoy their day at Cabo San Lucas. Left aboard, Mr. Winters and his companions
16  were faced with the prospect of few services, since most shops and the spa were
17  closed. There were little to no activities for those who stayed behind, other than a
18  single bar and snack shop.

19         8.      This experience was humiliating and degrading for Mr. Winters.  Since
20  Mr. Winters did not have the option of disembarking, he and his companions were
21  effectively excluded and segregated him from the rest of the *Elation* population
22  and denied full and equal access to Defendants' goods and services on the basis of
23  disability.

24         9.      As a result of the above, Defendants have violated the Americans with
25  Disabilities Act, and analogous state nondiscrimination statutes, designed to
26  prohibit unfair treatment of people with disabilities, as well as Business and
27  Professions Code Section 17200, designed to prohibit such unfair business
28  practices.

## JURISDICTION AND VENUE

10. The claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) ("ADA"), among other state claims for relief, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Through the same actions and omissions that form the basis of Plaintiff's federal claims, Defendants have also violated Plaintiff's rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

11. Venue over Plaintiff's claims is proper in the Southern District of California because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Southern District of California as required by 28 U.S.C. § 1391. Mr. Winters bought his ticket in Southern California, and the cruise started and ended in San Diego, California.

## PARTIES

12. Plaintiff Roland Winters is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 U.S.C. § 12101, *et seq.*, California Civil Code § 51, *et seq.*, and California Civil Code § 54 *et seq.* Mr. Winters utilizes a wheelchair for mobility. Mr. Winters resided in Orange County California at the time he purchased the tickets for the January 2008 cruise on the *Elation* and at the time he went on the cruise. He is currently a resident of Maricopa County, Arizona.

13. Defendant Carnival Corporation & PLC is a corporation headquartered in both Miami, Florida and London, England. Carnival Corporation does business in California as Carnival Cruise Lines. Carnival operates several fleets including the *Elation*, which departs from San Diego, and operates under the slogan, "The Fun Ships."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

14.   The defendants whose identities are unknown are sued herein under the names DOES 1 through 10 ("DOES").  Plaintiff is informed and believes and thereon alleges that all of the Defendants, including the DOES, are in some manner responsible for the injuries and damages herein alleged.  Plaintiff sues the DOES in their individual and official capacities.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

15.   Each and every allegation set forth in each and every statement of the Complaint is hereby incorporated by reference in each and every other averment and allegation of this Complaint.

16.   Roland Winters, due to muscular problems, uses a motorized wheelchair for mobility.  Mr. Winters was personally concerned that he and the others who also used wheelchairs would be able to participate in all of the ship's activities, including excursions to major ports, such as Cabo San Lucas, Mexico.

17.   Mr. Winters had worked hard to organize this trip for the 14 other members of the Handicapped Travel Club.  All of that hard work was undermined by the unequal treatment received by Mr. Winters on board Carnival's vessel.

18.   On or about June 20, 2007, before the sail date, Mr. Winters received a copy of Carnival's policy for passengers who use wheelchairs.  The policy, which is also posted on the official Carnival website, stated that if tenders at a certain port or the tendering process under certain weather conditions are unsafe for passengers in a wheelchair, ship officials have ultimate discretion as to whether a person using a wheelchair can board the tender.

19.   Alerted by the possibility he or his acquaintances would not be able to visit a port on the cruise, Mr. Winters repeatedly contacted Carnival's "Special Needs Desk"– both by phone and in writing – to determine whether he and his companions who used wheelchairs would be able to disembark at Cabo San Lucas. Mr. Winters was repeatedly referred to the policy by Carnival representatives and was given oral assurance that he would be allowed to tender barring certain poor

1    weather conditions.

2        20.   During a telephone conversation on or about June of 2007, a

3    representative at Carnival's Special Needs Desk told Mr. Winters that the rough

4    seas would be the only reason Mr. Winters and his acquaintances may not be able

5    to tender when the *Elation* was at Cabo San Lucas.

6        21.   Not willing to spend a vast amount of money just to be left on a ship that

7    promised to show its passengers exciting and fun destinations, Mr. Winters kept

8    pressing Carnival for a definite position on whether he would be able to disembark

9    to visit Cabo San Lucas. He wrote a letter to Carnival. Mr. Winters reiterated his

10   request that Carnival tell him whether he would be able to disembark to visit Cabo

11   San Lucas. He referenced his telephone conversation with Mr. Morrison in which

12   the Carnival employee cited rough seas as the only reason Mr. Winters would not

13   be able to board the tender at Cabo San Lucas.

14       22.   Mr. Winters did not hear back from Carnival until October 2007, almost

15   three months later. By then, it was too late for Mr. Winters to cancel the cruise

16   without a penalty. However, even then, Carnival again failed to answer Mr.

17   Winters' question regarding whether he would be able to disembark at Cabo San

18   Lucas. Instead, he was provided with information on cruise ship accessibility in

19   general, and the accessibility of cabins. However, this representative again failed

20   to provide a straight answer about whether the port at Cabo San Lucas was

21   accessible to people with disabilities.

22       23.   In advance of his trip, Mr. Winters also received information regarding

23   shore excursions at Cabo San Lucas. At least one these shore excursions was

24   listed with a wheelchair symbol indicating it was accessible to people with

25   disabilities. This, of course, led Mr. Winters to believe that he could go to shore

26   because the shore excursions, by definition, left from shore.

27       24.   Mr. Winters also received a letter from his travel agent reassuring him

28   that Carnival would be able to transfer people in wheelchairs to a tender to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    disembark at Cabo San Lucas absent bad weather conditions.

2      25.   On January 26, 2008, Mr. Winters boarded the *Elation*, expecting this

3 trip to be filled with relaxation, adventure, and fun both on and off the ship.  Part

4 of his plan was to disembark from the ship upon arriving at Cabo San Lucas, one

5 of the ports of calls with 14 other members of his travel club on or about January

6 28, 2008.

7      26.   Once on board the ship, however, Mr. Winters was told by the ship's

8 crew that the port of call of Cabo San Lucas was off limits to people with mobility

9 disabilities because the disembarkation method was inaccessible.  More

10 specifically, a short stairway leads to the dock where passengers board a tender.

11 Thus, they explained, unless a person can navigate the stairs, the tendering process

12 is off limits regardless of weather.

13      27.   This denial of a service of Carnival's came as a great shock to Mr.

14 Winters, who had made great efforts to get an answer about this issue before

15 traveling and who had received assurances and information before his cruise that

16 he and his fellow travelers would be able to disembark absent bad weather.

17      28.   As a result, Mr. Winters and other members of his travel club were

18 forced to stay aboard the ship, where the shops and spa were closed, and where

19 there were no activities for those who stayed behind, other than a single bar and

20 snack shop.

21      29.   Moreover, believing he would be able to get off the ship at Cabo San

22 Lucas Mr. Winters had made arrangements for an accessible tour which was to

23 depart from Cabo San Lucas.  Mr. Winters arranged this tour separately from the

24 cruise because many of the excursions offered by Carnival were not accessible to

25 people with disabilities.  However, because the port was not accessible to him, he

26 and other members of this group were unable to participate in the tour that he had

27 previously arranged.

28      30.   Had Mr. Winters known he would not have been able to disembark, he

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  would not have bought a ticket for the cruise, let alone organize a trip for fifteen

2  others members of his travel club for people with disabilities. Alternatively, he

3  may have selected another Carnival cruise with more options for people with

4  disabilities, or otherwise planned accordingly.

5      31.   In addition to being denied the opportunity to enjoy himself in Cabo San

6  Lucas, Mr. Winters encountered physical barriers to the benefits and services of

7  the *Elation*. Mr. Winters was placed in a so-called "modified" cabin room, which

8  presented a number of obstacles to him.

9      32.   For example, the dial to adjust the room heater in the modified cabin was

10  located on the ceiling, out of reach of a person using a wheelchair. Mr. Winters

11  was cold during his stay on the *Elation* because he could not turn the dial to warm

12  up the room. In addition, the shower in Mr. Winters' cabin did not provide

13  sufficient room for a person using a wheelchair to shower properly. The shower

14  area does not allow a person using a wheelchair to be fully covered by running

15  water. Instead, the person has to wash and rinse either her/his top or bottom half

16  first, then roll her/his wheelchair to wash and rinse the other half. As a result, half

17  of the person's body is exposed to the air, making her/him cold.

18      33.   Finally, the topmost deck of the ship, the Sports Deck, is accessible only

19  by stairs. Ping pong tables, an exercise room, and various other activities located

20  on that deck were inaccessible to Mr. Winters. Carnival failed to make any

21  accommodations for Mr. Winters to address those services that were available

22  only on the top deck.

23      34.   Mr. Winters has been deterred from going on another Carnival cruise

24  because of Carnival's discriminatory treatment. Despite the fact that he is an

25  experienced traveler and a veteran cruiser, Mr. Winters has avoided riding aboard

26  a Carnival cruise ship because of the discrimination he and his acquaintances

27  faced on the *Elation* earlier this year. However, Mr. Winters wants to and intends

28  to enjoy Carnival's cruises once he is assured that the discriminatory treatment has

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    ended and that he will be provided accurate information regarding the level of

2    accessibility on Carnival's cruises.

3      35.   As a result of the above, Defendant has violated state and federal

4    nondiscrimination requirements. Such actions violate, *inter alia,* Title III of the

5    Americans with Disabilities Act's requirement that Defendants ensure that patrons

6    with mobility disabilities receive equal benefits and equal access to the goods and

7    services and offered by Carnival. Upon information and belief, Plaintiff alleges

8    that these discriminatory and unfair practices continue through the present.

9      36.   Accordingly, Plaintiff brings this action seeking injunctive and

10    declaratory relief in order to compel Defendants to comply with its obligations to

11    provide equal access to its goods and services, otherwise not discriminate against

12    people with disabilities, and provide accurate information regarding the

13    accessibility of their services to allow people with disabilities to make informed

14    consumer choices. Plaintiff also seeks damages in addition to his attorneys' fees

15    and costs.

**FIRST CAUSE OF ACTION**

**Title III of the Americans with Disabilities Act**

**42 U.S.C. §§ 12181 *et. seq.***

19      37.   Plaintiff incorporates by reference each and every allegation contained in

20    the foregoing paragraphs.

21      38.   Congress enacted the ADA upon finding, among other things, that

22    "society has tended to isolate and segregate individuals with disabilities" and that

23    such forms for discrimination continue to be "serious and pervasive social

24    problem." 42 U.S.C. § 12101(a)(2).

25      39.   In response to these findings, Congress explicitly stated that the purpose

26    of the ADA is to provide "a clear and comprehensive national mandate for the

27    elimination of discrimination against individuals with disabilities" and "clear,

28    strong, consistent, enforceable standards addressing discrimination against

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

2       40.  The ADA provides, *inter alia*, that it is discriminatory to subject an

3   individual or class of individuals on the basis of a disability "to a denial of the

4   opportunity of the individual or class to participate in or benefit from the goods,

5   services, facilities, privileges, advantages, or accommodations of an entity." 42

6   U.S.C. § 12182(a)(i).

7       41.  The ADA further provides that it is discriminatory "to afford an

8   individual or class of individuals, on the basis of a disability . . . with the

9   opportunity to participate in or benefit from a good, service, facility, privilege,

10  advantage, or accommodation that is not equal to that afforded to other

11  individuals, " and to fail "to make reasonable modifications in policies, practices,

12  or procedures, when such modifications are necessary to afford such goods,

13  services, facilities, privileges, advantages, or accommodations to individuals with

14  disabilities, unless the entity can demonstrate that making such modifications

15  would fundamentally alter the nature of such goods, services, facilities, privileges,

16  advantages, or accommodations." 42 U.S.C. §§ 12182(a)(ii) & (b)(2)(A)(ii).

17      42.  The ADA also prohibits the imposition or application of eligibility

18  criteria that screen out or tend to screen out an individual with a disability or any

19  class of individuals with disabilities from fully and equally enjoying any goods,

20  services, facilities, privileges, advantages, or accommodations of the public

21  accommodation.  42 U.S.C. §§ 12182(b)(1)(A)(ii) & (b)(2)(A)(i).

22      43.  Defendants' acts and omissions alleged herein are in violation of the

23  ADA, 42 U.S.C. sections 12181, *et seq.*, and the regulations promulgated

24  thereunder.

25      44.  Carnival owns and operates a public accommodation, the ship *Elation*,

26  which is covered by Title III of the ADA. 42 U.S.C. § 12181(7)(I).

27      45.  Plaintiff is a person with mobility disabilities and thus is specifically

28  protected under the ADA.  42 U.S.C. § 12102(2); and 28 C.F.R. § 36.104.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

46.  Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendant will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.  Consequently, Plaintiff is entitled to injunctive relief pursuant to the ADA.  42 U.S.C. § 12188.

47.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant the ADA.  42 U.S.C. § 12205.

**SECOND CAUSE OF ACTION**

**Unruh Civil Rights Act**

**California Civil Code §§ 51 *et seq.***

48.  Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

49.  California's Unruh Civil Rights Act prohibits discrimination against individuals with disabilities and also prohibits discrimination based on a person's race.  Section 51 of the California Civil Code provides, in relevant part:

> All persons within the jurisdiction of this state are free
> and equal, and no matter what their … disability … are
> entitled to the full and equal accommodations,
> advantages, facilities, privileged, or services in all
> business establishments of every kind whatsoever.
> Cal. Civ. Code § 51(b).

50.  The Unruh Act provides that "[a] violation of the right of any individual under the Americans with Disabilities Act … shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).

51.  As set forth above, Defendant discriminated against Plaintiff based on his disability, by instituting policies that discriminate against people with mobility disabilities.

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

52.   Defendants' actions constitute a violation of, among other laws, the Americans with Disabilities Act.

53.   Plaintiff's mobility disability limits a major life activity; thus he is protected under the Unruh Civil Rights Act.  Cal. Civ. Code § 51(e)(1); Cal. Gov't. Code §12926(k).

54.   Carnival is a business establishment regulated by the Unruh Civil Rights Act.  Cal. Civ. Code § 51(b).

55.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

56.   As such, the Plaintiff is entitled to damages, including statutory damages in an amount up to three times the amount of their actual damages, with a minimum amount of $4,000 per offense.  Plaintiff is also entitled to attorneys' fees.  Cal. Civ. Code § 52(a), (e) and § 52.1(h).

57.   Plaintiff is also entitled to injunctive and declaratory relief.  Cal. Civ. Code § 52.1(b).

## THIRD CAUSE OF ACTION

### Blind and Other Physically Disabled Persons Act

### California Civil Code §§ 51 *et seq.*

58.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

59.   Through the acts and omissions described herein, Defendant is violating California Civil Code § 54 which states that "[i]ndividuals with disabilities or medical conditions have the same rights as the general public to the full and free use of public services."

60.   Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation of California Civil Code §§ 54 et seq.

61.   Plaintiff is a person with disabilities with the meaning of California Civil Code § 54(b) (1) and California Government Code § 12926.

62.  Defendant owns and operates cruise ships, which are boats for public transportation and/or hotels, both of which are regulated by the Blind and Other Physically Disabled Persons Act.  Cal. Civil Code § 54.1(a)(1).

63.  By failing to provide accommodations to Mr. Winters, a passenger with a disability, Defendant is violating California Civil Code §§ 54 *et seq.*, by denying him full access to the benefits and services of its ship.

64.  Under California Civil Code §§ 54 *et seq.*, Plaintiff is entitled to injunctive relief, attorneys' fees and costs.  Pursuant to California Civil Code § 54 (c), Defendants are also liable to each Plaintiff for no less than $1,000 for every violation of California Civil Code § 54 *et seq.*, or three times actual damages, and for injunctive relief, attorneys' fees and costs incurred in this action.

**FOURTH CAUSE OF ACTION**

**Unfair Business Practice**

**Business and Professions Code §17200**

65.  Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

66.  Defendant's conduct, as alleged, is part of a general business practice by Defendant.  Defendant has made a considered decision to promote patronage at the expense of Defendant's legal obligations to patrons with mobility disabilities.

67.  Defendant's policies and practices constitute an unfair, fraudulent, deceitful and unlawful business practice within the meaning of California Business and Professions Code sections 17200, *et seq.*, in that, *inter alia*, Defendant appeals to, advertises to, and purports to serve all people, including persons with mobility disabilities, yet Defendant's misrepresentation of Carnival's policies are illegal, discriminatory and in violation of public policy.  Moreover, Defendant provides misleading and confusing information that led Plaintiff to believe that he would be able to access services that were in fact inaccessible to him during his cruise.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

68.   Plaintiff has suffered injury as a result of Defendant's unfair and illegal business policy, including, but not limited to being provided inaccurate information before embarking on the *Elation*, enticing the Plaintiff to purchase tickets for a cruise that provided no or little benefit for him and his companions with respect to their ability to visit a port of call, participate in shore excursions and enjoy activities on the ship, and being discriminated against while on aboard the *Elation* by physical inaccessibility of modified cabins and the topmost deck.

69.   As noted above, these practices also violate numerous statutes, including, the Americans with Disabilities Act, 42 U.S.C. §12181, and California Civil Codes 51 and 54.

70.   Plaintiff is entitled to restitution and an injunction restraining Defendant from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendant against persons with mobility disabilities.  Plaintiff is also entitled to attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

71.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

72.   Through the acts and omissions described herein, and other such acts, Defendant refused to provide Plaintiff with goods and services in a manner comparable to the goods and services provided to people without disabilities solely because of their disabilities.

73.   Defendant's treatment of Plaintiff because of his disabilities constitutes outrageous conduct.

74.   Defendant's conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, loss of appetite, and emotional and physical distress.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

75. As the proximate result of the acts and omissions described herein, and other such acts, Plaintiff suffered humiliation, mental anguish, and emotional distress.

76. Plaintiff is informed and believes and based thereon alleges that Defendant's acts and omissions described herein, and other such acts, were willful, reckless, oppressive, malicious and done with a callous disregard of the consequences substantially certain to occur and justify an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

#### Negligence Per Se

77. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

78. As a place of public accommodation and as a business establishment in the state of California, the *Elation* and Carnival have statutory duties to each of its customers, including Plaintiff, to provide them with: (1) the full and equal enjoyment of its goods and services (42 U.S.C. § 12182(a)); (2) full and equal goods and services (Cal. Civ. Code § 51(b)); and (3) full and equal access (Cal. Civ. Code § 54.1(a)(1)).

79. Through the acts and omissions described herein, and other such acts, Defendant breached the statutory duties described in paragraph 78 that it owed to Plaintiff by its policies described above.

80. By violating the statutes described in paragraph 78 and causing the very injury those statutes were designed to prevent, namely discrimination against people with disabilities, Defendant committed negligence per se. Defendant's breach of its duties to Plaintiff was a proximate cause of the injuries and loss suffered by Plaintiff, including but not limited to emotional distress.

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

### False Imprisonment

81. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

82. Defendants intentionally deprived Plaintiff of his freedom of movement by their use of fraud and deceit to mislead Plaintiff into believing he would be able to disembark when the *Elation* docked at Cabo San Lucas, and then refusing to allow him to board a tender once the boat was at Cabo San Lucas.

83. Plaintiff did not consent to the imprisonment.

84. Plaintiff is informed and believe and based thereon allege that Defendant unlawfully ordered them to remain on the *Elation* and refused to allow them to board a tender when the ship was docked at Cabo San Lucas.

85. Plaintiff was not allowed off the *Elation* for the duration that the ship was docked at Cabo San Lucas.

86. Plaintiffs were actually harmed by Defendant Carnival's actions.

87. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

88. As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiffs have incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

89. The conduct of defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs' rights, and done by managerial employees of Defendant. Plaintiffs are thereby entitled to an award of punitive damages against Defendant, in an amount appropriate to punish and make an example of defendants, and in an amount to conform to proof.

## EIGHTH CAUSE OF ACTION

### Declaratory Relief

90.  Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

91.  Plaintiff contends, and is informed and believes that Defendant denies, that Defendant fails to comply with applicable law prohibiting discrimination against persons with mobility disabilities and are in violation of various civil rights statutes and the California Business and Professions Code.

92.  In addition, Plaintiff contends, and is informed and believes that Defendants deny, that the ticket contract required is void and unenforceable in that it is both procedurally and substantively unconscionable, and in violation of public policy

93.  A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1)    A declaration that Defendant violated Title III of the ADA and its implementing regulations, the Unruh Civil Rights Act, Disabled Persons Act, and Business and Professions Code 17200, by failing to provide full and equal enjoyment of its goods and services to Plaintiff and failing to provide accurate information about the accessibility of its goods and services;

2)    A permanent injunction directing Defendant to alter its policies, practices and procedures, including employee training, to ensure that it

affords full and equal enjoyment of its goods and services for people with disabilities, including Plaintiff, as required by the ADA, the Unruh Civil Rights Act, Disabled Persons Act, and Business and Professions Code Section 17200;

3)      An award of compensatory, statutory and punitive damages in an amount according to proof, and restitution of monies obtained through unfair business practices;

4)      An award of Plaintiff's attorneys' fees and all costs incurred in bringing this action pursuant to applicable law; and

5)      Such other relief as the Court deems just and fair.

DATED:  July 30, 2008                          Respectfully Submitted,


                                               By:  _Shawna L. Parks_ /sc/
                                                    Shawna L. Parks
                                                    Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 on all issues and claims for which Plaintiff is entitled to a jury trial.

DATED:  July 30 2008                    Respectfully Submitted,

By:  _Shawna L. Parks_  /s/
     Shawna L. Parks
     Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

ORIGINAL

≈JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

ROLAND WINTERS, JR., an individual

**DEFENDANTS**

2008 JUL 30 PM 2:49

CARNIVAL CORPORATION & PLC d/b/a Carnival Cruise Lines, a business entity; and DOES 1-10

SOUTHERN DISTRICT

**(b)** County of Residence of First Listed Plaintiff   **Maricopa County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dade County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SHAWNA L. PARKS    213-736-1477
Disability Rights Legal Center, 919 Albany Street, L.A., CA 90015

Attorneys (If Known)

**08 CV 1380 DMS BLM** BY FAX

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title III of the American with Disabilities Act (42 U.S.C. Sec. 12181 et seq.)

Brief description of cause:
Disability discrimination and unfair business practices.

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Per Proof

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE   7/30/08

SIGNATURE OF ATTORNEY OF RECORD   Shawna L. Parks (c)

**FOR OFFICE USE ONLY**

RECEIPT # 153496    AMOUNT $350    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

TAC  7/30/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153496    — TC

# July 30, 2008
# 14:47:54

## Civ Fil Non-Pris
USAO #.: 08CV1380
Judge..: DANA M SABRAW
Amount.:                $350.00 CK
Check#.: BC3028922


## Total—>   $350.00


FROM: ROLAND WINTERS
        VS.
        CARNIVAL CORPORATION